**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 27 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAMONA PEDRO ANTONIO,<br><br>Petitioner-Appellant,<br><br>v.<br><br>TODD BLANCHE, Acting Attorney General,<br><br>Respondent-Appellee. | No. 25-2621<br><br>Agency No. A220-602-585<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 19, 2026
Pasadena, California

Before: BENNETT, KOH, and MENDOZA, Circuit Judges.

Ramona Pedro Antonio, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") April 15, 2025 order

denying her motion to reopen and reissue the BIA's prior June 12, 2024 decision.

We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

Pedro Antonio presented her application for asylum, withholding of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

removal, and protection under the Convention Against Torture to an Immigration Judge in 2022. The Immigration Judge denied the applications, and she appealed to the BIA. The BIA dismissed the appeal, and Pedro Antonio did not file a petition for review of that dismissal. Instead, in January 2025, she filed a motion to reopen before the BIA. The BIA denied that motion on April 15, 2025, and Pedro Antonio petitioned for review of that denial.

Pedro Antonio first frames the issue as whether the Immigration Judge violated her due process rights by refusing to reopen proceedings based on changed country conditions. However, the only order before us is the *BIA*'s April 15, 2025 decision denying reopening and reissuance. Because Pedro Antonio did not timely petition for review of the BIA's underlying June 12, 2024 merits decision that dismissed Pedro Antonio's appeal of the Immigration Judge's denial of asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"), we decline to review the substance of that earlier June 12, 2024 decision. *See Stone v. I.N.S.*, 514 U.S. 386, 405 (1995), *abrogated on different grounds by Riley v. Bondi*, 606 U.S. 259 (2025).

Construed as a challenge to the BIA's January 31, 2025 decision, Pedro Antonio's argument that the BIA violated her due process rights by refusing to reopen proceedings based on changed country conditions fails because she forfeited any meaningful challenge to the BIA's decision. Her opening brief

2

contains only a brief discussion of the changed country conditions exception and does not meaningfully address the BIA's reasoning. In particular, the opening brief identifies no record evidence showing that conditions in Guatemala materially changed after the September 15, 2022 merits hearing before the Immigration Judge. Pedro Antonio's opening brief on appeal also does not address the BIA's conclusions that Pedro Antonio failed to comply with *Matter of Lozada*, 19 I&N Dec. 637 (B.I.A. 1988), that reissuance was unwarranted, or that her underlying claims had already been deemed waived. Under Federal Rule of Appellate Procedure 28(a)(8), arguments not meaningfully developed in an opening brief are forfeited. *See Iraheta-Martinez v. Garland*, 12 F.4th 942, 959 (9th Cir. 2021) (noting that "by failing to develop the argument in his opening brief," the petitioner "forfeited it"). Here, because Pedro Antonio's briefing fails to meaningfully engage with the BIA's dispositive reasoning, her arguments as to the denial of reopening are forfeited.

Even if Pedro Antonio had preserved her arguments on appeal, the BIA did not abuse its discretion in denying reopening because her motion was untimely and her delayed filing was not excused. Motions to reopen are "disfavored," and we review their denial for abuse of discretion. *I.N.S. v. Doherty*, 502 U.S. 314, 323 (1992). A motion to reopen must generally be filed within ninety days of the final administrative order. 8 U.S.C. § 1229a(c)(7)(C)(i). The BIA issued its merits

decision on June 12, 2024, but Pedro Antonio did not file her motion to reopen until January 31, 2025. The motion was therefore untimely.

In her motion to reopen, Pedro Antonio invoked the exception to the filing deadline for motions to reopen based on changed country conditions. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii). But the BIA reasonably concluded that she submitted with her motion no new and material evidence showing that conditions in Guatemala had materially changed since the September 15, 2022 hearing before the Immigration Judge. Instead, the motion repeated the same events underlying Pedro Antonio's original asylum claim, including the alleged assault on her husband in California, threats related to that incident, the violent death of her father, extortion, and attempted gang recruitment of her son. All of these events occurred before the merits hearing. And evidence predating the hearing cannot establish changed country conditions for purposes of reopening. *See Najmabadi v. Holder*, 597 F.3d 983, 989–90 (9th Cir. 2010). The Board therefore did not abuse its discretion in denying reopening.

Finally, the BIA did not err in denying reissuance of its prior June 12, 2024 decision. The BIA construed Pedro Antonio's claim that she had not received the June 12, 2024 decision as an ineffective assistance argument and concluded that she had not complied with the requirements of *Matter of Lozada*. The BIA further found that the Board had mailed her a copy of the June 12, 2024 decision and that

4

the mailing was not returned as undeliverable. Pedro Antonio does not meaningfully challenge those findings on appeal.

Because the BIA reasonably concluded that Pedro Antonio filed an untimely motion and failed to present new and material evidence of changed country conditions its denial of reopening was not arbitrary, irrational, or contrary to law.

**PETITION DENIED.**[1]

---

[1] The temporary stay of removal shall remain in place until the mandate issues. The motion to stay removal (Dkt. No. 4) is otherwise denied. Petitioner also filed a supplemental motion to stay removal (Dkt. No. 8) on the basis of her pending U-visa application. Because that application was not discussed in the proceedings below, we have no authority to issue a stay on that basis, 8 U.S.C. § 1252(d)(1), so the motion is denied.